AURELIO RAMÍREZ, JR., Appellant, v. REGISTRAR OF HUMACAO, Respondent.

No. 611. Submitted March 24, 1925.—Decided April 7, 1925.

1. RECORD OF TITLE—COMMUNITY PROPERTY—POWER OF ATTORNEY.—A power of attorney of a husband and wife authorizing a third person to sell all of the real property that they have or may acquire in whatever manner does not empower the attorney in fact to sell or alienate community property, for such authority must be express.

Registry of Property of Humacao, López del Valle, R. Decision refusing to record. *Affirmed.*

*González Fagundo & González, Jr.,* for the appellant. The respondent appeared by brief.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

[1] The spouses Juan Manuel Bertrán and Pilar Margarida, by attorney in fact Wifredo Bertrán, sold to the ap-

pellant a half interest in a certain urban property and when the deed of sale was presented in the registry the registrar refused to record it "because the said condominium is community property and the power exhibited does not contain the express authority required by the Civil Code for the alienation of community property   *   *   *."

The appellant contends, however, that the power gives sufficient authority for the alienation of community property, inasmuch as by the first clause the agent is empowered to sell all of the personal and real property that the principals have or may acquire in whatever manner. From the very language relied on by the appellant it is seen that the power does not confer express authority, and that, on the contrary, it would be necessary to resort to presumptions and to reach by implication the conclusion that the appellant seeks to deduce in contending that the words "in whatever manner" necessarily covers both separate and community property. However, as the provision of section 159 of the Civil Code declaring void any alienation of community property made without the express consent of both spouses is prohibitive in character, it must be construed strictly, and no inferences can be drawn upon more or less logical reasoning, for this would amount to recognizing the validity of a tacit consent, which was what the lawmakers sought to avoid, having in mind, no doubt, the more effective protection of married women, considering that the husband is the manager of the community property and may contract debts with which it is charged.

Nor is it of any importance that the power in this case was given by both spouses to a third person, as alleged by the appellant in an attempt to distinguish it from other cases wherein the power was given by the wife to the husband. We find no reason for such distinction and the instant case is similar, if not identical, to that of *Juncos Central Co.* v. *Registrar,* 29 P.R.R. 82, wherein the power re-

ferred to any properties that the wife then owned or might acquire in the future, without expressly mentioning community property, and was held not to be sufficient. In that case the Supreme Court said:

"That question is not a new one. Recently in the case of *Beauchamp* v. *Registrar of Aguadilla,* 27 P.R.R. 356, this court reaffirmed the following doctrine:

" 'In accordance with the settled jurisprudence of this court, a power of attorney authorizing the attorney in fact to "purchase, sell, etc., properties of any kind belonging to the principal" does not confer upon him authority to sell properties that belong to the conjugal partnership composed of the principal and her husband.'

"See also the cases of *Alvarez* v. *Registrar of San Germán, ante,* page 78; *López Landrón* v. *Registrar of Property,* 15 P.R.R. 703; *Rodríguez* v. *Registrar of Property,* 14 P.R.R. 754, and *Vidal* v. *Registrar of Property,* 12 P.R.R. 152."

The registrar's decision must be affirmed.